# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERA SINGH,<br><br>    Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK NA, CITIBANK NA, MERRICK BANK CORPORATION and COMENITY CAPITAL BANK,<br><br>    Defendants. | **CASE NO.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>FCRA, 15 U.S.C. §§ 1681–1681x |

Plaintiff Mera Singh, by and through her undersigned attorneys, alleges the following against the Defendants JP MORGAN CHASE BANK NA ("Chase"), CITIBANK NA ("Citi"), MERRICK BANK CORPORATION ("Merrick") and COMENITY CAPITAL BANK ("Comenity"):

## <u>PRELIMINARY STATEMENT</u>

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681–x and for Defendant's failure to reasonably investigate Plaintiff's disputes of inaccurate credit reporting.

2. Plaintiff is the victim of what is now a common crime—identity theft. A fraudster used Plaintiff's personal information to open credit accounts with Chase, Citi, Merrick and Comenity without Plaintiff's knowledge or consent.

3. Plaintiff has asserted the factual truth—the accounts did not belong to her, and she did not authorize it. Yet Chase, Citi, Merrick and Comenity continued to press on.

4.      The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

5.      The FCRA demands when a consumer disputes the accuracy of information with the agencies, they must transmit that dispute to the entity who furnished the information, here Chase, Citi, Merrick and Comenity. Chase, Citi, Merrick and Comenity, the furnishers, must then conduct their own, independent investigation of the dispute. *Id.* § 1681s-2(b).

6.      The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION

7.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

8.      The Plaintiff is a natural person and resident of the State of New York.  She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transaction that give rise to this action occurred, in substantial part, in this District.

10.     Venue is also proper in this District because the Plaintiff lives in this District, Defendants conduct business in this District, and the injury occurred in this District.

## PARTIES

11.     Plaintiff is a natural person residing in Queens County, New York.

12.     Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

13.     Defendant JP MORGAN CHASE BANK NA is a foreign business corporation

and authorized to do business in the State of New York through its registered offices at the CT Corporation System Inc., 28 Liberty Street, New York, New York 10005.

14.     At all times relevant, Chase, in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person," as defined under 15 U.S.C. § 1681a(b).

15.     Chase is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

16.     Defendant CITIBANK NA is a foreign business corporation and authorized to do business in the State of New York through its registered offices at the CT Corporation System Inc., 28 Liberty Street, New York, New York 10005.

17.     At all times relevant, Citi, in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person," as defined under 15 U.S.C. § 1681a(b).

18.     Citi is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

19.     Defendant MERRICK BANK CORPORATION is a foreign business corporation and authorized to do business in the State of New York through its registered offices at the CT Corporation System Inc., 28 Liberty Street, New York, New York 10005.

20.     At all times relevant, Merrick, in the ordinary course of business, regularly

extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person," as defined under 15 U.S.C. § 1681a(b).

21.     Merrick is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

22.     Defendant COMENITY CAPITAL BANK is a foreign business corporation and authorized to do business in the State of New York through its registered offices at the CT Corporation System Inc., 28 Liberty Street, New York, New York 10005.

23.     At all times relevant, Comenity, in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person," as defined under 15 U.S.C. § 1681a(b).

24.     Comenity is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

25.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## GENERAL FACTUAL ALLEGATIONS

26.     Plaintiff adopts and realleges the foregoing as fully restated herein.

27.     Prior to the commencement of this action, Plaintiff was the victim of what is now a common crime—identity theft. A fraudster used Plaintiff's personal information to open credit accounts without Plaintiff's knowledge or consent.

28.     The unknown fraudster used Plaintiff's personal information to open these credit accounts when the Plaintiff was a minor child.

29.     Plaintiff discovered that the unauthorized accounts belonged to Chase, Citi, Merrick and Comenity.

30.     Upon discovering the fraudulent debts, Plaintiff then pulled her Experian, Equifax and Trans Union consumer reports and disputed the debts with the credit reporting bureaus.

31.     Plaintiff also disputed the debts with the actual account holders to no avail.

32.     The Plaintiff has never opened nor used these accounts at all.

*Disputes With Chase*

33.     A check of her consumer file maintained by Experian, revealed that Chase was furnishing information about a credit account to Experian, as belonging to the Plaintiff.

34.     The information furnished by Chase to Experian, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

35.     On or about September 2, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Chase on her credit file.

36.     On or about a date better known to Experian and Chase, Experian furnished Plaintiff's dispute to Chase via e-Oscar.

37.     Chase failed to reasonably reinvestigate Plaintiff's dispute that Chase received from Experian in violation of the FCRA.

38.     At the date of this filing, Chase has failed to reasonably reinvestigate the Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

39.     A check of her consumer file maintained by Equifax revealed that Chase was furnishing information about a credit account to Equifax, as belonging to the Plaintiff.

40.     The information furnished by Chase to Equifax, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

41.     On or about August 3, 2023 and September 18, 2023, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Chase on her credit file.

42.     On or about a date better known to Equifax and Chase, Equifax furnished Plaintiff's disputes to Chase via e-Oscar.

43.     Chase failed to reasonably reinvestigate Plaintiff's disputes that Chase received from Equifax in violation of the FCRA.

44.     At the date of this filing, Chase has failed to reasonably reinvestigate the Plaintiff's disputes and has failed to accurately correct and update or delete Plaintiff's information.

45.     A check of her consumer file maintained by Trans Union revealed that Chase was furnishing information about a credit account to Trans Union, as belonging to the Plaintiff.

46.     The information furnished by Chase to Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

47.     On or about August 3, 2023 and September 18, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Chase on her credit file.

48.     On or about a date better known to Trans Union and Chase, Trans Union furnished Plaintiff's disputes to Chase via e-Oscar.

49.    Chase failed to reasonably reinvestigate Plaintiff's disputes that Chase received from Trans Union in violation of the FCRA.

50.    At the date of this filing, Chase has failed to reasonably reinvestigate the Plaintiff's disputes and has failed to accurately correct and update or delete the credit account information it is improperly attributing to Plaintiff.

*Disputes With Citi*

51.    A check of her consumer file maintained by Experian, revealed that Citi was furnishing information about a credit account to Experian, as belonging to the Plaintiff.

52.    The information furnished by Citi to Experian, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

53.    On or about September 2, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Citi on her credit file.

54.    On or about a date better known to Experian and Citi, Experian furnished Plaintiff's dispute to Citi via e-Oscar.

55.    Citi failed to reasonably reinvestigate Plaintiff's dispute that Citi received from Experian in violation of the FCRA.

56.    At the date of this filing, Citi has failed to reasonably reinvestigate the Plaintiff's dispute and has failed to accurately correct and update or delete Plaintiff's information.

57.    A check of her consumer file maintained by Equifax revealed that Citi was furnishing information about a credit account to Equifax, as belonging to the Plaintiff.

58.    The information furnished by Citi to Equifax, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

59.    On or about August 3, 2023 and September 18, 2023, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Citi on her credit file.

60.    On or about a date better known to Equifax and Citi, Equifax furnished Plaintiff's disputes to Citi via e-Oscar.

61.    Citi failed to reasonably reinvestigate Plaintiff's disputes that Citi received from Equifax in violation of the FCRA.

62.    At the date of this filing, Citi has failed to reasonably reinvestigate the Plaintiff's disputes and has failed to accurately correct and update or delete Plaintiff's information.

63.    A check of her consumer file maintained by Trans Union revealed that Citi was furnishing information about a credit account to Trans Union, as belonging to the Plaintiff.

64.    The information furnished by Citi to Trans Union, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

65.    On or about August 3, 2023 and September 18, 2023, Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Citi on her credit file.

66.    On or about a date better known to Trans Union and Citi, Trans Union furnished Plaintiff's disputes to Citi via e-Oscar.

67.    Citi failed to reasonably reinvestigate Plaintiff's disputes that Citi received from Trans Union in violation of the FCRA.

68.    At the date of this filing, Citi has failed to reasonably reinvestigate the Plaintiff's disputes and has failed to accurately correct and update or delete the credit account information it is improperly attributing to Plaintiff.

*Disputes With Merrick*

69.    A check of her consumer file maintained by Experian, revealed that Merrick was furnishing information about a credit account to Experian, as belonging to the Plaintiff.

70.    The information furnished by Merrick to Experian, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

71.    On or about December 1, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Merrick on her credit file.

72.    On or about a date better known to Experian and Merrick, Experian furnished Plaintiff's dispute to Merrick via e-Oscar.

73.    Merrick failed to reasonably reinvestigate Plaintiff's dispute that Merrick received from Experian in violation of the FCRA.

74.    At the date of this filing, Merrick has failed to reasonably reinvestigate the Plaintiff's disputes and has failed to accurately correct and update or delete the credit account information it is improperly attributing to Plaintiff.

*Disputes With Comenity*

75.    A check of her consumer file maintained by Experian, revealed that Comenity was furnishing information about a credit account to Experian, as belonging to the Plaintiff.

76.    The information furnished by Comenity to Experian, was at all times inaccurate. Plaintiff's identity was stolen to open this account.

77.    On or about September 2, 2023 and December 1, 2023, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Comenity on her credit file.

78.     On or about a date better known to Experian and Comenity, Experian furnished Plaintiff's disputes to Comenity via e-Oscar.

79.     Comenity failed to reasonably reinvestigate Plaintiff's disputes that Comenity received from Experian in violation of the FCRA.

80.     At the date of this filing, Comenity has failed to reasonably reinvestigate the Plaintiff's disputes and has failed to accurately correct and update or delete the credit account information it is improperly attributing to Plaintiff.

## CLAIMS FOR RELIEF

### COUNT 1: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A) against Defendant JP Morgan Chase Bank NA

81.     Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

82.     The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

83.     It is evident that Defendant Chase failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Chase by Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

84.     It is evident that Defendant Chase failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said disputes were furnished to Chase by Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

85.     It is evident that Defendant Chase failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said disputes were furnished to Chase by Trans

Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

86. As a result of the above-described violations to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

87. Defendant Chase's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

88. Defendant Chase's violative conduct was intentional, willful and negligent.

89. The violation by Chase was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Chase was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

90. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT 2: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(E) against Defendant JP Morgan Chase Bank NA

91. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

92. Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

93.     Defendant Chase failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's dispute from Experian, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

94.     Defendant Chase failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Equifax, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

95.     Defendant Chase failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Trans Union, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

96.     As a result of the above-described violation to §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

97.     Defendant Chase's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

98.     Defendant Chase's violative conduct was intentional, willful and negligent.

99.     The violation by Chase was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Chase was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

100.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT 3: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A) against Defendant Citibank NA

101.    Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

102.    The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

103.    It is evident that Defendant Citi failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Citi by Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

104.    It is evident that Defendant Citi failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said disputes were furnished to Citi by Equifax, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

105.    It is evident that Defendant Citi failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said disputes were furnished to Citi by Trans Union, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

106.    As a result of the above-described violations to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

107.    Defendant Citi's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

108.    Defendant Citi's violative conduct was intentional, willful and negligent.

109. The violation by Citi was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citi was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

110. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Citi in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 4: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(E) against Defendant Citibank NA

111. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

112. Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

113. Defendant Citi failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's dispute from Experian, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

114. Defendant Citi failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Equifax, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

115. Defendant Citi failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Trans Union, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

116.     As a result of the above-described violation to §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

117.     Defendant Citi's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

118.     Defendant Citi's violative conduct was intentional, willful and negligent.

119.     The violation by Citi was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citi was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

120.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Citi in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT 5: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A) against Defendant Merrick Bank Corporation

121.     Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

122.     The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

123.     It is evident that Defendant Merrick failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Merrick by Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

124. As a result of the above-described violations to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

125. Defendant Merrick's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

126. Defendant Merrick's violative conduct was intentional, willful and negligent.

127. The violation by Merrick was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Merrick was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

128. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Merrick in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT 6: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(E) against Defendant Merrick Bank Corporation

129. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

130. Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

131.    Defendant Merrick failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's dispute from Experian, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

132.    As a result of the above-described violation to §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

133.    Defendant Merrick's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

134.    Defendant Merrick's violative conduct was intentional, willful and negligent.

135.    The violation by Merrick was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Merrick was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

136.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Merrick in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 7: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A) against Defendant Comenity Capital Bank

137.    Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

138.    The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

139.     It is evident that Defendant Comenity failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said disputes were furnished to Comenity by Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

140.     As a result of the above-described violations to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

141.     Defendant Comenity's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

142.     Defendant Comenity's violative conduct was intentional, willful and negligent.

143.     The violation by Comenity was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Comenity was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

144.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT 8: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1)(E) against Defendant Comenity Capital Bank

145.     Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

146.     Section 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate,

based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

147.    Defendant Comenity failed to accurately correct and update or delete Plaintiff's information subsequent to receiving Plaintiff's disputes from Experian, prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

148.    As a result of the above-described violation to §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, benefits, emotional distress, and mental and physical pain.

149.    Defendant Comenity's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

150.    Defendant Comenity's violative conduct was intentional, willful and negligent.

151.    The violation by Comenity was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Comenity was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

152.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**<u>JURY DEMAND</u>**

153.    Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Mera Singh, hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mera Singh, respectfully requests judgment be entered against

Defendants for the following:

A.  Declaratory judgment that Defendants violated the FCRA;

B.  Actual damages pursuant to 15 U.S.C. § 1681n(a);

C.  Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

D.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.  Any relief that this Court deems appropriate.


Dated: February 20, 2024
      New York, New York

<div style="margin-left:40%">

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
Email: abel@apierrelaw.com

*Counsel for Plaintiff*

</div>